THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAL KAY, Derivatively on Behalf of Nominal Defendant XL FLEET CORP.,<br><br>Plaintiff,<br>v.<br><br>DEB FRODL, ERIC TECH, KEVIN GRIFFIN, CHRIS HAYES, JOHN LEDECKY, SARA SCLARSIC, JOHN MILLER, H.R. BRADY, DIMITRI KAZARINOFF, THOMAS J. HYNES III, AND BRIAN PIERN,<br><br>Defendants,<br>And<br><br>XL FLEET CORP.,<br><br>Nominal Defendant. | Case No. 22-cv-10977 |

## ~~[PROPOSED]~~ PRELIMINARY APPROVAL ORDER

~~This matter came before the Court for a hearing on~~ _____, ~~2024~~. Plaintiffs[1] have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims brought or threatened on behalf of Spruce Power Holding Corporation (formerly

---

[1] "Plaintiffs" refers to plaintiffs Val Kay ("Kay"), plaintiff in the above-captioned stockholder derivative action (the "Massachusetts Action") pending before this Court (the "Court"); Sham Lakhani ("Lakhani"), shareholder to a shareholder litigation demand made on the Board of Directors of XL Fleet Corp. on December 28, 2022 (the "Litigation Demand"); and Tony Reali ("Reali") and John Tucci ("Tucci"), plaintiffs in the consolidated stockholder derivative action captioned, *In re Spruce Power Holding Corp. S'holder Derivative Litig.*, Case No. 1:23-cv-00289-MN (D. Del.) (the "Delaware Action") pending in the United States District Court for the District of Delaware.

- 1 -

known as XL Fleet Corp.) (the "Company," "XL Fleet," or "Spruce Power") in accordance with the Stipulation of Settlement dated March 1, 2024 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement; and (iii) setting a date for the Settlement Hearing.[2]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal with prejudice of the above-captioned Massachusetts Action, as well as the Delaware Action, and the resolution of the Litigation Demand (collectively, the "Derivative Matters");

WHEREAS, the Court having: (i) read and considered Plaintiffs' Motion for Preliminary Approval of Derivative Settlement, together with the accompanying Memorandum of Points and Authorities; and (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; ~~and (iii) heard and considered arguments by counsel for the Plaintiffs and Defendants (the "Parties") in favor of preliminary approval of the Settlement;~~

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Spruce Power and Spruce Power's stockholders, and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Spruce Power stockholders should be apprised of the Settlement through the proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

---

[2] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

1.      This Court, for purposes of this order (the "Preliminary Approval Order"), adopts the definitions set forth in the Stipulation.

2.      This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.      A hearing shall be held on *Wed., July 31*, 2024 at *3:00* p.m., before the Honorable Nathaniel M. Gorton, at the U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Courtroom 4, Boston, Massachusetts 02210 (the "Settlement Hearing") to (i) determine whether the terms of the Settlement as set forth in the Stipulation should be approved as fair, reasonable, and adequate to Spruce Power; (ii) consider any objections to the Settlement submitted in accordance with the Notice program; (iii) determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D to the Stipulation, should be entered, dismissing the Massachusetts Action with prejudice and releasing all of Plaintiffs' and Defendants' Released Claims against Plaintiffs' and Defendants' Releasees; (iv) determine whether the Fee and Expense Amount as well as the Service Awards should be approved; and (v) consider such other matters as the Court may deem appropriate.

4.      The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution, due process, and all other applicable laws and rules.

5.      Within ten (10) business days after the entry of this Preliminary Approval Order, the Company shall: (i) post a copy of the Long-Form Notice and the Stipulation (and exhibits

thereto) on the Investor Relations page of the Company's website; (ii) issue a press release with the Summary Notice; and (iii) file or furnish with the U.S. Securities and Exchange Commission ("SEC") the Long-Form Notice and Stipulation (and exhibits thereto) as exhibits to a Form 8-K. The Summary Notice shall provide a link to the Investor Relations page on the Company's website where the Long-Form Notice and Stipulation of Settlement (and exhibits thereto) may be viewed, which page will be maintained through the date of the final Settlement Hearing.

6.   Spruce Power shall undertake the administrative responsibility for giving notice to Current Stockholders and shall be solely responsible for paying the costs and expenses related to providing notice to Current Stockholders.

7.   No later than twenty (20) days following entry of this Preliminary Approval Order, the Company's Counsel shall file with the Court an appropriate affidavit or declaration with respect to posting, publishing, and filing the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8.   All Current Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Massachusetts Action concerning the Settlement, whether favorable or unfavorable to Current Stockholders.

9.   Pending the Effective Date or the termination of the Stipulation according to its terms, Plaintiffs and all Current Stockholders, and anyone who acts or purports to act on their behalf, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any of Plaintiffs' Released Claims derivatively against any of Defendants' Releasees in any court or tribunal.

10. Any Current Stockholder may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no Current Stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Current Stockholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof, including documentary evidence, of current ownership of Spruce Power stock and ownership of Spruce Power stock as of March 1, 2024, the date the Stipulation was executed, including the number of Spruce Power shares held.

11. At least twenty-one (21) calendar days prior to the Settlement Hearing, any such Current Stockholder must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, and serve such materials by that date, to each of the following Parties' counsel:

| *Plaintiffs' Counsel:* | *Defendants' Counsel:* |
|---|---|
| Thomas J. McKenna<br>Gregory M. Egleston<br>**GAINEY McKENNA & EGLESTON**<br>501 Fifth Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 983-1300<br>Facsimile: (212) 983-0383<br>Email: tjmckenna@gme-law.com<br>Email: gegleston@gme-law.com | Jay A. Dubow<br>Erica H. Dressler<br>**TROUTMAN PEPPER HAMILTON SANDERS LLP**<br>3000 Two Logan Square<br>Eighteenth and Arch St.<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>Email: jay.dubow@troutman.com<br>Email: erica.dressler@troutman.com |

12. Only Current Stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

13. Any Current Stockholder who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. Plaintiffs shall file their motions for final approval of the Settlement and for a Fee and Expense Amount at least forty-two (42) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement or to the requested Fee and Expense Amount, said objection(s) by Current Stockholder(s) or by any Defendant shall be filed twenty-one (21) calendar days prior to the Settlement Hearing. If there is any such objection to the Settlement of the requested Fee and Expense Amount, Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15. All proceedings in the Massachusetts Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Preliminary Approval Order.

<u>16</u>. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current Stockholders.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other

Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or any of Plaintiffs' and Defendants' Releasees, or of the validity or infirmity of any of Plaintiffs' or Defendants' Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18. Information or materials obtained in the Parties' mediation and settlement negotiations remain confidential and may not be used or offered in any proceeding for any purpose, and remain subject to the terms and conditions of all applicable confidentiality agreements.

19. The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current Stockholders. Any Current Stockholder (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or Spruce Power's website for any change in date, time, or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Stockholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: _April 22_, 2024

_Nathaniel M. Gorton_
Honorable Nathaniel M. Gorton
United States District Judge