IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAL KAY, Derivatively on Behalf of Nominal Defendant XL FLEET CORP., <br><br> Plaintiff, <br><br> v. <br><br> DEB FRODL, ERIC TECH, KEVIN GRIFFIN, CHRIS HAYES, JOHN LEDECKY, SARA SCLARSIC, JOHN MILLER, H.R. BRADY, DIMITRI KAZARINOFF, THOMAS J. HYNES III, AND BRIAN PIERN, <br><br> Defendants, <br><br> and <br><br> XL FLEET CORP., <br><br> Nominal Defendant. | Case No. 1:22-cv-10977-NMG <br><br> Hon. Nathaniel M. Gorton |

**NOTICE OF FILING FINAL ORDER AND JUDGMENT**

Pursuant to this Court's orders granting final approval of the Settlement and Attorneys' Fees, Expenses, and Service Awards, (*see* ECF Nos. 89-90), Paragraph 6.1(b) of the Stipulation of Settlement (ECF No. 68-1, Ex. A), and with consent of the Company and Defendants, Val Kay ("Plaintiff"), through his undersigned counsel, respectfully requests that the Court enter the Order and Final Judgment, attached as Exhibit A hereto, to reflect that this Court has (i) finally approved the Settlement as fair, adequate, and reasonable; (ii) awarded Plaintiffs' Counsel's expenses in the amount of $22,451.55; (iii) separately, awarded Plaintiffs' Counsel a fee award of $1,000,000; and (iv) awarded each of the four (4) Plaintiffs a Service Award of $2,000, to be paid from the Fee Award.

Dated: August 22, 2024					Respectfully submitted,

							**LAW OFFICE OF MICHAEL P. UTKE, LLC**

					By:	*/s/ Michael P. Utke*
						Michael P. Utke
						P.O. Box 360
						Pepperell, MA 01463
						Telephone: (617) 314-6600
						Email: mutke@utkelaw.com

						**GAINEY McKENNA & EGLESTON**
						Thomas J. McKenna (admitted *pro hac vice*)
						Gregory M. Egleston
						260 Madison Avenue, 22nd Floor
						New York, NY 10016
						Telephone: (212) 983-1300
						Facsimile: (212) 983-0383
						Email: tjmckenna@gme-law.com
						Email: gegleston@gme-law.com

						***Attorneys for Plaintiff Val Kay***

1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 22, 2024, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Michael P. Utke
Michael P. Utke

# *EXHIBIT A*

THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAL KAY, Derivatively on Behalf of Nominal Defendant XL FLEET CORP., <br><br> Plaintiff, <br> v. <br><br> DEB FRODL, ERIC TECH, KEVIN GRIFFIN, CHRIS HAYES, JOHN LEDECKY, SARA SCLARSIC, JOHN MILLER, H.R. BRADY, DIMITRI KAZARINOFF, THOMAS J. HYNES III, AND BRIAN PIERN, <br><br> Defendants, <br> And <br><br> XL FLEET CORP., <br><br> Nominal Defendant. | Case No. 22-cv-10977 |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on August 8, 2024, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated March 1, 2024 (the "Stipulation"), and the exhibits thereto. The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment (the "Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

1

2. This Court has jurisdiction over the subject matter of the above-captioned Massachusetts Action, including all matters necessary to effectuate the Settlement, and over the Parties.

3. The Court confirms that the form of the Notice of the Settlement and the means of dissemination of the Notice of the Settlement: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Spruce Power Current Stockholders of: (i) the pendency of the Derivative Matters; (ii) the effect of the Settlement (including the releases to be provided thereunder); (iii) Plaintiffs' Counsel's Fee and Expense Amount and the Service Awards; (iv) their right to object to the Settlement, Plaintiffs' Counsel's Fee and Expense Amount, and/or the Service Awards; and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement; and (d) satisfied the requirements of Rule 23.1, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and further finds that the Settlement is in the best interests of Spruce Power and its stockholders. The Parties are directed to implement, perform, and consummate the Settlement in accordance with terms and provisions contained in the Stipulation.

5. The Massachusetts Action and all claims contained therein, as well as all of Plaintiffs' and Defendants' Released Claims against Plaintiffs' and Defendants' Releasees, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided below.

6. Upon the Effective Date, the Company and Plaintiffs' Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived,

released, relinquished, discharged, and dismissed all of Plaintiffs' Released Claims (including Unknown Claims) against Defendants' Releasees, including any and all claims (including Unknown Claims) against the Defendants' Releasees asserted in, arising out of, relating to, or in connection with the defense, Settlement, or resolution of the Derivative Matters.

7. Upon the Effective Date, the Company and Plaintiffs' Releasees shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any of Plaintiffs' Released Claims (including Unknown Claims) derivatively or any derivative action or other proceeding against any of the Defendants' Releasees, or any derivative action or proceeding arising out of, relating to, or in connection with Plaintiffs' Released Claims or the filing, prosecution, defense, settlement, or resolution of the Derivative Matters. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, each of Defendants' Releasees shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs' Releasees from Defendants' Released Claims (including unknown claims), asserted in, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Matters or Defendants' Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9. Upon the Effective Date, each of Defendants' Releasees shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any Defendants' Released Claims (including unknown claims), asserted in, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Matters or Defendants' Released Claims or any action or other proceeding based on any claims (including unknown claims), asserted in, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Matters

3

or Defendants' Released Claims against any of Plaintiffs' Releasees. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

10. The Court hereby approves the sum of $22,451.55 in reimbursement of case expenses and $1,000,000.00 for the payment of Plaintiffs' Counsel's contested attorneys' fees and expenses for a total of $1,022,451.55 ("Fee and Expense Amount") and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

11. The Court hereby approves the Service Awards of $2,000 for each of the Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Amount in recognition of their participation and effort in the prosecution of the Derivative Matters.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or Plaintiffs' or Defendants' Released Persons, or of the validity or infirmity of any of Plaintiffs' or Defendants' Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

13. Without affecting the finality of the Judgment entered in accordance with the Stipulation, the Court shall retain jurisdiction to implement and enforce the terms of the Stipulation and the Judgment and to consider any matters or disputes arising out of or relating to the Settlement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and Judgment, and for

matters or disputes arising out of or relating to the Settlement.

14. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

15. This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: Sept. 13, 2024

_____
Honorable Nathaniel M. Gorton
United States District Judge